#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| COMEST SABATINO ALLEN, #0359, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JAMES E. DORRIETY, )<br>)<br>Respondent. )<br>_____ ) | CIVIL ACTION NO. 9:09-381-HMH-BD<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting claims relating to an alleged denial of a speedy trial. The petition was filed on February 13, 2009. The Respondent filed an answer on April 20, 2009, in which it is represented that the Petitioner pled guilty on March 30, 2009 to the charge of Failure to Stop for a Blue Light and received a sentence of time served. See Moran Affidavit, ¶ 4. It further appears that the remaining Failure to Appear charges relating to other offenses were dismissed by the Thirteenth Circuit Solicitor's Office and that Petitioner is no longer incarcerated at the Greenville County Detention Center.[1] See Moran Affidavit, ¶ 5.

On April 22, 2009, the Court issued an order stating that it appeared that this Petition is now moot. See Lindsay v. Hunter, No. 06-259, 2009 WL 210708 at *2 (M.D.Fla. Jan. 28,

---

[1]Based upon a prior hold on Petitioner relating to a Grand Larceny charge in Laurens County, Petitioner was released to the custody of the Laurens County Sheriff's Office on March 31, 2009. See Moran Affidavit, ¶ 6; see also Answer ¶ 11.

1



2009)[finding that Petition seeking to enforce speedy trial rights was moot in light of petitioner entering a *nolo contendere* plea]; Williams v. Louisiana, 07-603, 2007 WL 2915078 at **3-4 (E.D.La. Oct. 4, 2007)[Petitioner's claims concerning pretrial issues of violation of speedy trial limitations was rendered moot where petitioner had been found guilty by a jury]; Jones v. Clark, No. 05-701, 2007 WL 2746651 at * 2 (M.D.Ala. Sept. 19, 2007)[Subsequent guilty plea rendered petitioner's challenges to his pretrial custody on speedy trial grounds moot]. The Court gave the Petitioner ten (10) days to notify the Court if he wished to continue to proceed with this action and, if so, to specify for the Court why his claims are not moot based upon his guilty plea and the dismissal of the other charge at issue. On May 5, 2009, the Petitioner responded and did not dispute that his current petition is moot. Rather, Petitioner indicated that he now wished to proceed only on a new claim that his counsel was ineffective and tricked the Petitioner into pleading guilty. See Petitioner's Answer.

Since the issues in Petitioner's original petition are now moot, the undersigned recommends dismissal of this petition. See Lindsay, 2009 WL 210708 at *2; Williams, 2007 WL 2915078 at **3-4; Jones, 2007 WL 2746651 at * 2. With regard to the new claim that Petitioner indicates he would like to pursue, Petitioner is advised that he may pursue a writ of habeas corpus under 28 U.S.C. § 2254 only after he has exhausted all of his remedies in the courts of the State of South Carolina. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975). Title 28 U.S.C. § 2254(b) provides that, "[a]n application for writ of habeas corpus...shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such



process ineffective to protect the rights of the applicant." No evidence has been presented to show an absence of available state process, and the undersigned does not find that such process is ineffective in protecting Petitioner's rights. Therefore, since Petitioner has failed to exhaust his state court remedies with regard to his conviction, the Petition should not be amended to add Petitioner's ineffective assistance of counsel claim, but should instead be dismissed.

## Conclusion

Based on the foregoing, it is recommended that this federal Petition asserting a speedy trial claim be **dismissed**. Petitioner may then pursue his claims relating to his state court conviction in the state courts.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

May 11, 2009



3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



4